D axiel, J.
 

 First:
 
 After the amendment, in the'Sheriff’s return to the plaintiff’s attachment against True, was permitted to be made by the County Court of Lincoln, át June Sessions, 1842, (which the Court had a right to permit to be made,
 
 Smith
 
 v.
 
 Daniel,
 
 3
 
 Murphy,
 
 128,
 
 Dickinson
 
 v.
 
 Lippet,
 
 5 Ired. 560,) the record in that case shewed that the plaintiff’s lien on the property of True was postponed to Patton’s execution; the latter was valid as to the Sheriff.
 

 Secondly:
 
 It was contended for the plaintiff that ■ Patton’s execution did not correspond with his judgment, and
 
 *193
 
 that the Sheriff ought to shew a judgment and an execution corresponding with it. To this objection, the answer is, that when a writ, from a Court of competent jurisdiction, is delivered to the Sheriff, he is bound to execute it according to the exigency thereof, without inquiring into the regularity of the proceedings, whej-eon that writ is grounded. And although the process, under which the Sheriff takes the goods of a defendant, may be voidable or erroneous, and of which the defendant might have availed himself in the original action, yet such a writ is a sufficient justification for the Sheriff in an action against him. For the Sheriff is a ministerial officer, in the execution of writs, and is not bound to examine into their legality. 2
 
 Saund.
 
 100.
 
 Cro. Jac.
 
 280, 229.
 
 Watson on Sheriffs,
 
 54.
 

 Thirdly:
 
 The memorandum, made with the consent of the parties, by the Clerk of Buncombe County Court, in Patton’s
 
 suit
 
 — “ no
 
 fi. fa.
 
 to issue until October or until ordered” — did not annul or suspend the judgment, so as to avoid a
 
 fieri facias
 
 issued on it'. And although the execution was issued by Patton, in contravention of tin's memorandum, bearing teste of .the term the judgment was rendered, it was not void, but was a sufficient justification to the Sheriff of Lincoln in proceeding under it, as if no such memorandum had ever been made. True, the original defendant might have complained to the County Court of Buncombe, on a motion to set the execution aside, but the present plaintiff, who was no party to that suit, certainly has no right in law to complain of the conduct of Patton, or of the .Sheriff.
 

 We think that the judgment must be affirmed.
 

 Pke Curiam. Judgment affirmed.